UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CRIMINAL CASE NO: 1:23-CR-00034-JEB |
| ) | |
| ) | JUDGMENT: SEP. 15, 2023 |
| **DAVID KRAUSS,** ) | |
| DEFENDANT. ) | |
| ) | |

**MOTION TO ALTER JUDGMENT**

The Defendant pleaded Guilty to *Parading in a Capitol Building* under 40 U.S.C. § 5104(e)(2)(G), a nonviolent petty offense. On September 15, 2023, this Court sentenced the Defendant to 9 months of probation, 60 hours of community service, a $1,000 fine, a special assessment, and restitution (which was prepaid before sentencing). The court expressed no concerns about the dangerousness of the individual Defendant nor worry about recidivism; the nature of the penalty was articulated by the Court as disciplinary or punitive in nature.

The offense did not involve any evidence of violence, the background checks of the Defendant did not reveal any violent propensities or concerns for the mental health of the Defendant, the 10 months of pretrial supervision did not raise any concerns about the safety of the Defendant, the Government did not raise any concerns for the dangerousness of the Defendant, and the Presentence Report ("PSR") did not reveal any propensity for violence or reason for concern. Nonetheless, the PSR recommended, through ***a standard clause added to all PSR reports*** (not specified to this Defendant or his case), that the Defendant be deprived of his right to possess a firearm during a period of probation for the safety of the probation officer.

The Court granted the request of the PSR to deprive the Defendant of his right to possess firearms while on probation. The Court did not engage in individualized findings in this case to justify the restriction on firearms and instead referenced *United States v. Shaw*, Case No. 22-1-JEB (D.D.C. May 24, 2023) as the basis.

**Argument**

Possession of a firearm is a discretionary condition of probation. *See* 18 U.S.C. § 3563(b)(8). Thus, the deprivation of the right to possess firearms must be reasonably tailored to each Defendant and his case. If a Defendant (1) has never shown signs of violence, aggression, or danger, (2) did not commit any acts of violence during the course of the conduct relevant to this case, (3) this case has no relation to the use of firearms at all whatsoever, and (4) the Defendant has not been convicted of a felony — a probationary condition depriving him of the right to possess firearms would be in violation of 18 U.S.C. § 3563's "reasonably related" and "reasonably necessary" clauses, as well as in violation of his Second Amendment right. *See New York State Rifle & Pistol Assn, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See also United States v. Cudd*, Case No. 1:21-cr-68-TNM, ECF No. 101 (D.D.C. April 7, 2022) (granting a January 6 Defendant's motion to remove probationary condition depriving her of the right to possess firearms, citing *Dist. of Colum. v. Heller*, 554 U.S. 570, 628 (2008)); *United States v. Voda*, 994 F.2d 149, 153-54 (5th Cir. 1993) (negligent discharge of pollutant did not warrant firearms restriction as a condition of probation).

A discretionary condition must relate directly to the crime of conviction. *See United States v. Smith*, 972 F.2d 960, 962 (8th Cir. 1992) ("Section 3563 requires conditions of

probation to be 'reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)....' Each of these factors relates directly to the crime of conviction."); U.S.S.G. §5B1.3(b). A discretionary condition can only be imposed by the court "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." *See* 18 U.S.C. § 3563(b); *United States v. Tolla,* 781 F.2d 29, 34 (2nd Cir. 1986) ("conditions that restrict a probationer's freedom must be especially fine-tuned.").

The loss of firearm possession rights deprives the Defendant of a constitutional right. See U.S. Const. amend. II (ensuring that "the right of the people to keep and bear Arms, shall not be infringed."); *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) ("the Second Amendment conferred an individual right to keep and bear arms"). Infringing on the individual rights of Defendants through probation is not prohibited but requires "fine-tuning" the penalty in an attempt to avoid the infringement. *See, e.g., United States v. Smith*, 972 F.2d 960, 962 (8th Cir. 1992); *United States v. Tolla*, 781 F.2d 29, 34 (2nd Cir. 1986); *United States v. Myers*, 426 F.3d 117, 126 (2d Cir. 2005) (explaining that supervised-release condition that restricts fundamental rights must be narrowly tailored); *United States v. Loy*, 237 F.3d 251, 256 (3d Cir. 2001) ("a condition that restricts fundamental rights must be narrowly tailored and directly related to deterring the defendant and protecting the public."). And, an individual right cannot be deprived without due process of law, which requires particularized findings on the record as to why a Defendant should be deprived of his individual right. *See* U.S. Const. amend V; see also 18 U.S.C. § 3563(b).

In other words, this court is limited by the Constitution and by 18 U.S.C. § 3563, and does not have lawful authority to impose a restriction on firearms as this Court's version of a standard condition of probation on a petty offense without due process of law.

In the Defendant's case, this court did not engage in "reasonably related" and "reasonably necessary" analysis prior to ordering the Defendant to be deprived of his Second Amendment right, nor a liberty deprivation or property deprivation analysis, as required under 18 U.S.C. § 3563(b). Indeed, the restrictive condition serves as a dual deprivation of both his *liberty* (Second Amendment) and *property* (possession of his firearms) right without due process of law. *See* U.S. Const. amend V; 18 U.S.C. § 3563(b). By imposing a restriction on a Defendant's individual right to possess firearms without individualized analysis, the court deprives a Defendant of his Second Amendment rights without Due Process as required by the Fifth Amendment and violates the Eighth Amendment's restriction on excessive penalties.

The deprivation of the Defendant's right to protect himself is not *reasonably related* to the factors set forth in sections 3553(a)(1) and (a)(2), as is required by 18 U.S.C. § 3563(b). Nothing in his case or background indicated that he poses a physical danger to anyone. Nor is the condition *reasonably necessary* for the purposes indicated in section 3553(a)(2), as is required under 18 U.S.C. § 3563(b).

The PSR's standard commentary about the safety of the probation officers is equivalent to a demand for a standard condition imposed on all Defendants without an individualized finding. The PSR disregards the Defendant's rights entirely in the blanket request. While the probation officer surely has a right to demand that a man he supervises respect the law against assaults of all kinds, the Defendant also has a right to self-defense. The complete deprivation of

the possession of firearms leaves the Defendant without the means to effectively defend himself in the event of an attack. Yet, the Supreme Court has recognized that "the need for defense of self, family, and property is most acute" in the home. *Heller* at 2817. While the Defendant has access to a phone to call local police, law enforcement officers will not magically appear between an attacker and the Defendant's family in the event of an emergency. The deprivation of the Defendant's ability to protect himself and his family serves as a cruel and unusual punishment for the petty offense of nonviolent parading.

Although the safety of a probation officer while visiting a Defendant's home is certainly one component that can be considered in a due process analysis, it is also not the only one. The Court has a variety of options to balance the interests of the Defendant and the probation officer. For example, the Court can require that a Defendant remove firearms from the home on the day that a probation officer will be visiting. Alternatively, the court can entirely strike the standard condition that a probation officer should visit the home of this Defendant since his only offense of conviction is a petty offense for Parading. **The deprivation of a Defendant's constitutional right should not be the default position in the balancing of these interests.** Pursuant to 18 U.S.C. § 3553(a), the court "shall consider" (not may consider, but *shall* consider) seven different factors with respect to sentencing; and if implementing 18 U.S.C. § 3563(b), the court can only impose discretionary conditions that are "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)."

The Court referenced a prior decision in *United States v. Shaw*, Case No. 22-1-JEB (D.D.C. May 24, 2023), as a basis for the deprivation of the Second Amendment right during probation. But this case is distinguishable from *Shaw*. In *Shaw*, the Government made a request

for the deprivation, which was not made in this case. In that case, the defendant was on probation when he committed another offense at the Capitol. This Defendant had a clean record and the Court voiced no concerns about recidivism. An important finding in *Shaw* was that "Defendant has demonstrated a willingness to engage in criminal acts while on probation, the Court concludes that more restrictive probation conditions are particularly important as a deterrent here." This concern is not present in Defendant's case.

In *Shaw,* this Court correctly stated that the "body of authority suggests that at least some misdemeanants — who are similarly not 'law-abiding citizens' — might not enjoy the Second Amendment rights that other citizens do." *United States v. Shaw,* Case No. 22-1-JEB (D.D.C. May 24, 2023). However, this Court never stated that *all* misdemeanants might not enjoy the Second Amendment rights. Yet, a deprivation of the individual right to possess firearms in the case of people like this Defendant, where no particularized circumstances exist to warrant a deprivation of this right, amounts to a Second Amendment deprivation for all misdemeanants.

The *Shaw* decision does not contain authority that supports elevating a discretionary condition, that requires individualized findings in each case, into a standard one for all misdemeanor cases.

Accordingly, for all the reasons stated herein, the defense moves to alter the Judgment and remove this condition of supervision.

Respectfully submitted,<br>
By Counsel:<br><br>
_____/s/_____<br>
Marina Medvin, Esq.

*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on September 16, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.