UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 23-cr-34 (JEB) |
| v. : | |
| : | |
| DAVID KRAUSS, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ALTER JUDGMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, opposes David Krauss's motion to alter judgment to allow him to possess and have access to firearms while on probation. ECF 59 at 6. The Court should deny Krauss's motion because the condition the Court imposed is valid for the reasons discussed below.

### Procedural Background

On February 1, 2023, the United States filed a four-count information charging Krauss with violating 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G). On April 13, 2023, pursuant to a plea agreement, Krauss pleaded guilty to Count Four of the Information, charging him with a violation of 40 U.S.C. §5104(e)(2)(G). On September 15, 2023, the Court sentenced Krauss to nine months of probation, a $1000 fine, and $500 in restitution. As a condition of probation, Krauss must not own, possess, or have access to a firearm.

During the sentencing hearing, Krauss objected to the inclusion of a firearms and/or dangerous weapons restriction as a term of his impending probation. The Court imposed the condition but stated it would consider a motion to alter the judgment, and Krauss has now so moved.

1

**Argument**

Title 18 U.S.C § 3563(a) lists mandatory conditions that a court shall impose as part of a probation sentence, and § 3563(b) lists discretionary conditions. The discretionary condition in § 3563(b)(8) restricts the possession of firearms for probationers. Section 3564(b) requires a district court to conclude that the condition "involve[s] only such deprivations of liberty or property as are reasonably necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes by the defendant. 18 U.S.C. § 3563(b); *see* 18 U.S.C. § 3553(a)(2).

As this Court discussed in *United States v. Shaw*, Case No. 22-cr-1-JEB, 2023 WL 3619416, (D.D.C. May 24, 2023), the D.C. Circuit has not yet articulated a test for how to determine whether restrictions on a probationer's constitutional rights are valid. The Court looked to articulations from other Circuits. In the First Circuit, a restriction is permissible unless it is "clearly unnecessary." *United States v. Smith*, 436 F.3d 307, 310–11 (1st Cir. 2006). The Second Circuit and Third Circuit require that restrictions be narrowly tailored. See *United States v. Myers*, 426 F.3d 117, 126 (2d Cir. 2005) (explaining that supervised-release condition that restricts fundamental rights must be narrowly tailored); *United States v. Loy*, 237 F.3d 251, 256 (3d Cir. 2001) ("[A] condition that restricts fundamental rights must be narrowly tailored and directly related to deterring the defendant and protecting the public.") (internal quotation omitted). *Shaw* at 5.

This Court went on to explain that despite these variations, these courts generally looked to three common factors to determine the validity of a probationary condition: (1) "the purposes sought to be served by probation"; (2) "the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers"; and (3) "the legitimate needs of law

2

enforcement." *Id.* (quoting 3 Sarah N. Welling, Federal Practice & Procedure (Wright & Miller) § 547 (5th ed. 2023). An analysis of these factors supports the restriction on firearms during Krauss's probationary period.

As to the first and third factors, as noted in the PSR, the condition restricting Krauss's access to firearms and/or dangerous weapons is imposed to ensure the safety of the public, which includes the probation officers supervising Krauss during the limited time of his probation. PSR at ECF 46 ¶ 57. The presence of a firearm in Krauss's home during the completion of his federal sentence creates a heightened risk to the safety of probation officers during his probationary period. It is the position of the U.S. Probation Office in this matter that it would not want to send a probation officer to Krauss's home if he had firearms there. The condition restricting possession of and access to firearms will ensure the safety of others, including the probation officer(s) supervising his sentence of probation.

As to the second factor, this Court decided in *Shaw* that a Second Amendment right may be limited during a period of probation. *See Shaw* at 7. Krauss cites *United States v. Cudd*, Case No. 21-cr-68-TNM, ECF No. 101 (D.D.C. April 7, 2022), a case where Judge McFadden granted Cudd's motion to remove a probationary condition depriving her of the right to possess firearms. However, this case is distinguishable from *Cudd* in that the Court found that Cudd had credibly claimed that she had been threatened and needed a firearm for her protection. *Id.* at 2. Additionally, the government had acknowledged the harassment Cudd had faced. *Id*. Here, Krauss has not articulated a specific need to possess a firearm during his probationary period. The facts of Krauss's case support such a limitation of his constitutional rights. Although Krauss did not personally engage in violent conduct, in that he did not assault police officers or destroy property,

he was part of a violent mob that forcibly overran the Capitol with the aim of stopping the peaceful transfer of power.

The condition restricting possession of and access to firearms complies with the three common factors this Court described in *Shaw*, and it is sufficiently narrowly tailored. Notably, this is the same restriction imposed on Krauss as a condition of release prior to his conviction. Importantly, this restricted access to firearms and/or dangerous weapons is not a restriction in perpetuity, but rather will expire after nine months.

## Conclusion

Based on an examination of the three factors, the Court should deny Krauss's motion to alter his judgment to allow for the possession of and access to firearms during the term of his probation.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:  */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
601 D Street, NW
Washington, DC 20530
(202) 803-1612
carolina.nevin@usdoj.gov